# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: COMMERCIAL MONEY CENTER, INC., EQUIPMENT LEASE LITIGATION | : : : : : : : : : | Case No. 1:02CV16000<br><br>(MDL Docket No. 1490)<br><br>JUDGE O'MALLEY<br><br>**ORDER**<br><br>THIS ORDER RELATES TO ALL CASES |

This action is before the Court upon the parties' proposed cost apportionment plans for compensation of the Special Master, appointed by order of this Court on January 3, 2006. (Doc. 1750). The Court has reviewed the proposal of the Sureties, Insurers and Claimants (Doc. 1758), as well as that of the Third Side (Doc. 1759). For several reasons, the Court rejects both proposals and adopts the allocation plan set forth herein.

First, the Court declines to implement the cost allocation proposed by the Sureties, Insurers and Claimants, which would have required each of the three sides (Banks, Sureties/Insurers, and the Third Side) to bear an equal share of payment of Special Master costs relating to "general matters." Such an allocation would be unfairly burdensome to the Third Side which, relative to the other two groups, has assumed a far less substantial role in this litigation to date. Accordingly, the Court allocates the parties' share of costs relating to "general matters" as follows: (1) Banks, 40%; (2) Sureties/Insurers, 40%; (3) Third Side, 20%. Each group may determine how costs are to be allocated between and among its constituent parties.

The Court also rejects the parties' agreed proposal (1), which would have required the Special Master to identify the parties responsible for costs incurred in connection with "discrete motion[s]" or

other "individualized matters." The Court believes that such a constraint would be burdensome and unworkable in practice.[1] With respect to the majority of the research and analysis conducted in this case, there is likely to be significant overlap between "discrete" and general matters. Thus, even work performed with respect to specific, or otherwise "discrete," issues is likely to have substantial impact on broader questions affecting <u>all</u> parties. It is true, moreover, that many of the "discrete" motions apply to multiple parties. Thus, except to the limited extent set forth below, the Court hereby applies the allocation percentage set forth above to <u>all</u> Special Master costs, regardless of the issue(s) involved.

Notwithstanding the foregoing, to the extent that the Special Master spends a considerable amount of time (or incurs significant expenses) in connection with an issue that is truly discrete and allocable to identifiable parties, the Special Master shall make every effort to identify those costs and allocate them among the specific parties involved. Should this Apportionment Plan work a significant unfair hardship on any one party or group, the affected parties may, by motion. seek modification of this Order. **As outlined in the Special Master's *Appointment Order* (Doc. 1750 at p. 12), upon receipt from the Special Master of the Summary Statement approved by the Court, the parties shall remit payment within twenty (20) days.**

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley<br>
**KATHLEEN McDONALD O'MALLEY**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated: February 10, 2006**

---

[1] Requiring the Special Master to identify the parties responsible for raising each issue presented in these complex and multifaceted proceedings would pose a significant administrative burden, and might well necessitate the expenditure of additional hours in the unproductive exercise of allocating time spent. Such a result would be inconsistent with the cost-saving goals of this streamlined procedure, and would be undesirable from the standpoint of both the parties and the Court.