UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: COMMERCIAL MONEY CENTER, INC., EQUIPMENT LEASE LITIGATION | : : : : : : : : : | Case No. 1:02 cv 16000<br><br>(MDL Docket No. 1490)<br><br>JUDGE O'MALLEY<br><br><u>ORDER</u><br><br>This Order Relates To Case Nos. 02cv16012, 02cv16019, 02cv16022 |

## I. BACKGROUND

These actions are before the Court upon the amended motions for substitution filed by Sky Bank ("Sky") in three cases (02-16012, Doc. 69; 02-16019, Doc. 56; 02-16022, Doc. 49), and upon the motions of Squire, Sanders & Dempsey, LLP ("SSD") for leave to withdraw as counsel to Sky in those cases (02-16012, Doc. 66; 02-16019, Doc. 52; 02-16022, Doc. 48). Sky's motions for substitution are based on Fed. R. Civ. P. 25(c), which provides:

> Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. . . .

Fed. R. Civ. P. 25(c). Sky asserts that CadleRock Joint Venture, L.P. ("CadleRock") has succeeded to the entirety of Sky's interest in all claims and, accordingly, should be substituted for Sky as a plaintiff and counterclaim defendant in these actions.

1

Royal Indemnity Company ("Royal") has filed a memorandum in partial opposition to Sky's motions to substitute and SSD's motions for leave to withdraw (02-16012, Doc. 70; 02-16019, Doc. 57; 02-16022, Doc. 50). Royal states that it has no objection to the motions to substitute or the motions for leave to withdraw with respect to case number 02-16019. Additionally, Royal does not object to the joinder of CadleRock as a plaintiff or counterclaim defendant in any of the three actions. Royal contends, however, that as to cases 02-16012 and 02-16022, Sky also must remain as a counterclaim defendant. In cases 02-16012 and 02-16022, Royal has asserted counterclaims against Sky for recovery of certain payments that Royal previously made to Sky under reservation of rights, and Royal argues that Sky should not be dismissed from the actions in which monetary claims have been asserted against it.[1]

Royal argues, first, that despite CadleRock's purported acquisition of Sky's interests in this matter, there is no evidence that the transaction between Sky and CadleRock also involved a transfer to CadleRock of Sky's potential liabilities on the lease bonds. Second, Royal asserts that, even if such a transfer of liabilities had occurred, Sky could not unilaterally exempt itself from liability by simply transferring such liabilities to a third party. In particular, Royal contends that CadleRock should not be substituted for Sky as a party because Royal has no knowledge as to the financial condition of CadleRock or its ability to pay any potential judgment on Royal's counterclaims.

For the same reasons, Royal also opposes the motions of SSD to withdraw as counsel for Sky in cases 02-16012 and 02-16022, unless alternative counsel appears in these actions on behalf of Sky. Royal argues that the appropriate course of action is to add CadleRock as a

---

[1] In Case No. 02-16019, Royal asserts only a counterclaim for rescission against Sky. Royal does not oppose the substitution of CadleRock for Sky as a defendant on that counterclaim.

2

counterclaim defendant in all three of the actions, but to retain Sky as a counterclaim defendant in actions 02-16012 and 02-16022.

Royal relies primarily on *Centillion Data Sys. v. Am. Mgmt. Sys.*, 200 F.R.D. 618 (S.D. Ind. 2001). In that case, plaintiff corporation moved for substitution based on a purported merger of plaintiff into a third party corporation, and an assignment of plaintiff's patent rights to an affiliate of the successor corporation. Defendants opposed substitution, in part based on (1) plaintiff's failure to demonstrate that the party sought to be substituted had assumed plaintiff's liabilities in the merger, and (2) plaintiff's failure to provide information as to whether the party sought to be substituted had sufficient assets to pay a potential counterclaim judgment. The court denied plaintiff's motion to substitute, stating that "[u]ntil these uncertainties are clarified, we cannot know whether [transferor] should be dropped as a plaintiff and whether [transferees] should be substituted or simply added as additional parties. . . ." *Centillion*, 200 F.R.D. at 620.

With Court approval, Royal filed a supplemental submission in partial opposition to Sky's motions (02-16012, Doc. 82; 02-16019, Doc. 68; 02-16022, Doc. 62; "Supplement") and, in connection with that filing, submitted a copy of the Assignment and Acceptance Agreement ("Agreement") between Sky and The Cadle Company, Inc., an affiliate of CadleRock. Royal cites that Agreement in support of its position that CadleRock has not assumed the liabilities of Sky in connection with the lease pools in these actions. Royal points to language indicating that CadleRock "purchases and accepts" Sky's "rights and interests" in the lease pools and bonds, and that CadleRock's purchase of those interests is "without recourse." (Royal Supplement, 02-16012, Doc. 82, at 4-5). Additionally, Royal notes that the Agreement contains no reference to assumption of liabilities generally or to Royal's counterclaims in particular.

Royal filed a second supplemental memorandum (also with Court approval) in partial opposition to Sky's motions (02-16012, Doc. 85; 02-16019, Doc. 70; 02-16022, Doc. 64; "Second Supplement"), and submitted two additional attachments: (1) an Assignment of Assignment and Acceptance Agreement ("Assignment of Agreement"), which effected the transfer of rights under the lease pools and associated bonds from The Cadle Company to its affiliate, CadleRock, "without recourse. . .," (02-16012, Doc. 85, Exh. 1, at 7); and (2) a letter from counsel for The Cadle Company to counsel for Sky ("Assignment Letter"), which acknowledged the assignment of rights to CadleRock, with "full recourse" to The Cadle Company "for payment and performance. . . ." (02-16012, Doc. 85, Exh. 1, at 3).[2] Royal asserts that these documents, like the Agreement, do not provide for CadleRock's assumption of Sky's liabilities on the lease bonds. Royal contends, moreover, that the inconsistent language between the Assignment of Agreement and Assignment Letter engenders further confusion as to which parties actually intended to assume liability for potential claims with respect to the lease pools.

In its reply brief (02-16012, Doc. 88; 02-16019, Doc. 73; 02-16022, Doc. 67), Sky argues that the terms of the Agreement actually do provide for CadleRock's assumption of Sky's liabilities in connection with the lease pools. In support of this position, Sky points to the provision stating that CadleRock has assumed "100%" of Sky's "rights and interests" with respect to the lease pools (Agreement, 02-16019, Doc. 67, Exh. 1, at 1). Sky asserts that, since this language encompasses Sky's entire "procedural and substantive posture in the MDL," (Sky

---

[2] In its first Supplement, Royal expressed concern that The Cadle Company, purchaser of Sky's interests in the litigation pursuant to the Agreement, was not the same entity sought to be substituted by Sky. That confusion was clarified, presumably, by the documents attached to Royal's Second Supplement, including the Assignment of Agreement.

4

Reply, 02-16012, Doc. 67, at 4), the assumption of 100% of Sky's interest also necessarily includes the assumption of any potential liability on Royal's counterclaims.

Additionally, Sky contends that CadleRock itself made representations to the Court as to its assumption of liability, since CadleRock and Sky <u>jointly</u> filed the motions to substitute. Sky argues that attempting to "split" the claims and counterclaims in the action would be nonsensical, since it would result in duplicative litigation and require both Sky and CadleRock to separately litigate the enforceability of the Royal bonds.

Although Sky contends that Royal's estimation of the value of its counterclaims is overstated,[3] Sky to some extent acknowledges Royal's concern as to CadleRock's financial wherewithal. Sky suggests that the Court should add CadleRock as both plaintiff and counterclaim defendant in the actions, and defer consideration of the dismissal of Sky until Royal has completed any necessary financial discovery with respect to CadleRock. Sky also advocates that the Court grant SSD's motion for leave to withdraw as counsel in case number 02-16019 and defer consideration of the motion to withdraw in the other two cases.

The Court analyzes the parties' respective positions with respect to these motions below.

## II. DISCUSSION

As the *Centillion* court recognized, the entry of a substitution order is within the discretion of the district court:

> "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even

---

[3] Sky maintains that, in asserting its claims for return of the reservation of rights payments, Royal has failed to account for its obligation to return the bond premiums it received, in the event of rescission of the bonds.

5

though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of this litigation. . . ."

*Centillion*, 200 F.R.D. at 619, *quoting* 7C WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1958 (2d ed. 1986). "[J]oinder or substitution under Rule 25(c) does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case. . . ." *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993), *citing Fontana v. United Bonding Ins. Co.*, 468 F.2d 168, 169 (3d Cir. 1972).

With respect to the unopposed portions of the motions filed by Sky and SSD, the Court finds that adding CadleRock as a plaintiff and counterclaim defendant would facilitate the conduct of these cases, and accordingly, the portions of Sky's motions requesting such relief should be granted. Sky's request to add CadleRock as a plaintiff and counterclaim defendant in cases 02-16012, 02-16019 and 02-16022 is granted. Sky's unopposed request in case number 02-16019 that the Court dismiss Sky as a party to the action also is granted as to that case only. Finally, SSD's unopposed motion in case number 02-16019 for leave to withdraw as counsel to Sky is granted as to that case only. The Court hereby orders that (1) CadleRock be added as a plaintiff and counterclaim defendant in case numbers 02-16012, 02-16019 and 02-16022; (2) Sky be dismissed as a party in case number 02-16019; and (3) SSD be withdrawn as counsel for Sky in case number 02-16019.

As relates to the portion of Sky's motion requesting that Sky be dismissed as a party in cases 02-16012 and 02-16022, that request is denied without prejudice. As in the *Centillion* case, the Court cannot determine at this point whether full substitution of CadleRock in the place

6

of Sky is appropriate. Despite Sky's assertions, the parties' Agreement does not appear to contain any provision that reasonably could be construed as an unequivocal assumption of liabilities. The Court is unable to accept the language providing for an acquisition of Sky's "rights and interests" as sufficient evidence that any such assumption of liabilities occurred.

Moreover, although CadleRock joined in Sky's amended motions for substitution, which requested that CadleRock be substituted for Sky both as a plaintiff and counterclaim defendant, the amended motions do not contain any representations as to the assumption of liabilities by CadleRock. Such representations are contained only in Sky's reply brief which, curiously, was filed by Sky alone. Thus, the Court has no representations before it on behalf of CadleRock that would support Sky's description of the intended import of the Agreement. Given the apparent ease with which Sky could have obtained such a statement from CadleRock, the Court is hesitant to rely on Sky's unilateral representations at the potential expense of Royal's rights in these actions.

The Court also declines Sky's suggestion that this Court order expedited discovery with respect to the financial resources of CadleRock prior to the determination of Sky's motions seeking dismissal. First, as the Court has indicated previously in its opinions in this matter, fact discovery has concluded and will be reopened only on a showing of good cause with respect to certain narrow, limited matters. More significantly, Royal has not requested any such discovery, and Sky is the party that bears the burden of supporting its requested substitution. Sky is, of course, free to negotiate with CadleRock and Royal to arrange for the provision of sufficient information to satisfy Royal and secure Royal's consent to substitution.[4] Alternatively, Sky may

---

[4] Sky sought a total of six extensions of time prior to filing its reply briefs in this matter, based on Sky's representations that it was seeking to resolve its outstanding disputes with Royal. Apparently, such attempted negotiations were unsuccessful at that stage. The Court has no knowledge of such past negotiations, however, and in

move the Court for substitution at a later date, upon a showing that (1) CadleRock has succeeded to Sky's entire interest <u>and</u> any potential liability in connection with the lease pools; and (2) no prejudice will inure to Royal based on the substitution of CadleRock for Sky in these actions.

As in *Centillion*, the Court does not foreclose the possibility that substitution may be appropriate at some point, upon a showing that CadleRock is the proper party in interest. Sky, however, as the party seeking substitution, bears the burden of demonstrating that such substitution will not prejudice Royal. The Court will not order substitution where that burden has not been met, nor will the Court allocate to Royal the burden of acquiring sufficient information to justify the substitution sought by Sky.

Finally, since Sky remains a party in cases 02-16012 and 02-16022, and since no new counsel has appeared for Sky, SSD's motions for leave to withdraw as counsel in these cases are <u>denied without prejudice</u>.

## III. CONCLUSION

For the reasons set forth herein, Sky's amended motions for substitution (02-16012, Doc. 69; 02-16019, Doc. 56; 02-16022, Doc. 49) are <u>granted in part and denied in part</u>. Sky's requests to add CadleRock as a plaintiff and counterclaim defendant in cases 02-16012, 02-16019 and 02-16022 are <u>granted</u>. Sky's request that the Court dismiss Sky as a party to the actions is <u>granted</u> as to case number 02-16019; that request is <u>denied without prejudice</u> as to case numbers 02-16012 and 02-16022. As regards SSD's motions for leave to withdraw as counsel for Sky (02-16012, Doc. 66; 02-16019, Doc. 52; 02-16022, Doc. 48), those motions are <u>granted in part and</u>

---

any case, that history is irrelevant to the determination of the within motions.

denied in part. SSD's request for leave to withdraw is granted with respect to case number 02-16019 and denied without prejudice as to case numbers 02-16012 and 02-16022.

The Court previously granted Sky's motions for extension of time to file motions for leave to amend its pleadings, pending resolution of the within motions. *See* 02-16000, Doc. 1843 (granting 02-16012, Doc. 76; 02-16019, Doc. 62; 02-16022, Doc. 56). The Court now orders that any motions for leave to amend that Sky may seek to file shall be filed within fifteen (15) days of the date of this order.

**IT IS SO ORDERED.**

                                                  **s/Kathleen M. O'Malley**
                                                  **KATHLEEN McDONALD O'MALLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**Dated: August 24, 2006**