UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: COMMERCIAL MONEY CENTER, INC., EQUIPMENT LEASE LITIGATION | : : : : : : : : : : : | Case No. 1:02CV16000<br><br>(MDL Docket No. 1490)<br><br>JUDGE O'MALLEY<br><br>**MEMORANDUM OF OPINION AND ORDER**<br><br>As Identified Herein, This Order Relates to Numerous Individual Cases |

The Court has reviewed the dockets in these cases and has determined that several motions remain pending in various actions. The motions currently pending include (1) 02-16000, Doc. 1127, Motion for Reconsideration and Appeal of Order Denying Claimants' Motion to Compel; (2) 02-16000, Doc. 1795, Motion for Leave to Hold Deadline in Abeyance; (3) 02-16010, Doc. 0, NetBank Motion to Compel and for Sanctions; (4) 02-16021, Doc. 33, Motion to Substitute Attorneys; and (5) 03-16000, Doc. 13, Motion to Clarify. Thus, the Court disposes of these motions as set forth below.

**I.    Motion for Reconsideration/Appeal (02-16000, Doc. 1127)**

This motion, filed on April 19, 2004 by various banks, is an appeal from an order issued by Magistrate Judge Vecchiarelli (Doc. 1045), which denied the banks' motion to compel Royal Indemnity Company ("Royal") to respond to the banks' Third Consolidated Interrogatories and Third Consolidated Request for Production of Documents. In their appeal, the banks argue that

Magistrate Judge Vecchiarelli improperly applied the discovery standards of Fed. R. Civ. P. 26, and imposed an overly stringent measure of relevance.

Since the filing of the banks' motion, numerous events have taken place in this litigation, including (1) the completion of fact discovery; (2) the Court's issuance of its opinions determining the motions for judgment on the pleadings (Docs. 1708/1709); (3) the settlement or resolution of claims between Royal Indemnity Company and various banks that originally participated in the filing of the instant motion; and (4) the passage of the Court-imposed deadlines for motions for leave to amend pleadings and for leave to reopen discovery. Given the passage of time and the occurrence of these events, the Court is uncertain about the continued relevance of the instant motion. Accordingly, the Court orders as follows:

(1)  Any party that wishes to assert its continued interest in the within motion shall do so by filing a Notice of Renewal of Motion ("Notice") within ten (10) days of the date of this Order.

(2)  Each Notice shall contain a brief statement of the party's position as to the portions of the within motion that remain ripe for ruling in the current posture of the case. Each Notice shall be limited to five (5) pages and shall not contain a restatement of the arguments already presented to the Court through briefing on this matter.

(3)  Responses, if any, shall be filed within ten (10) days of the filing of a Notice, and also shall be limited to five (5) pages.

Following the receipt of Notices and Responses from the parties, the Court will issue an Order determining the within motion. The Court accordingly reserves its ruling on this motion.

**II.    Motion for Leave to Hold Deadline in Abeyance (02-16000, Doc. 1795)**

Due to the Court's denial of Illinois Union Insurance Company's motion for leave to amend as against Citibank, N.A./JP Morgan Chase Bank ("Chase") (02-16000, Doc. 1865), the motion of Chase to hold the opposition deadline in abeyance is <u>denied as moot</u>.

**III.    Motion to Compel Production of Documents and for Sanctions (02-16010, Doc. 0)**

This is a carryover motion filed by NetBank, N.A. ("NetBank") in the District of Nevada on October 4, 2002. NetBank moved for an order compelling Royal to produce documents allegedly required by the initial disclosure provisions of Fed. R. Civ. P. 26(1), and for sanctions based on Royal's alleged refusal to produce those documents in a timely manner.

At this point, fact discovery is complete, and the deadline for filing motions for additional discovery passed on April 12, 2006. NetBank did not file any motion seeking additional discovery from Royal. Accordingly, the Court concludes that all discovery issues between these parties have been resolved at this point, and NetBank's motion is <u>denied as moot</u>.

**IV.    Motion to Substitute Attorneys (02-16021, Doc. 33)**

Provident Bank's motion to substitute attorneys was granted on the lead docket on September 1, 2006. (Doc. 1857). In order to clarify the record, Provident Bank's duplicate motion to substitute attorneys in this case also is <u>granted</u>.

**V.    Motion to Clarify (03-16000, Doc. 13)**

This motion was filed by Guardian Financial Group LLC, Guardian Capital XVIII LLC, and Blaine Tanner (collectively, "Guardian"), seeking "clarification" of several statements made

by the Court in its May 25, 2004 Memorandum of Opinion and Order ("Order"), which denied Guardian's motion to dismiss (03-16000, Doc. 12). Guardian objects to several statements contained in the "Background" section of the Court's Order, and states that the Court relied on several incorrect factual characterizations in ruling on the motion to dismiss.

The Court notes that its factual statements, set forth to provide context and descriptive background to the parties' claims, do not constitute substantive rulings on the merits of the case. Moreover, the errors alleged by Guardian were not material to the Court's ruling and would not have affected the Court's decision on the motion to dismiss.

The Court <u>denies</u> Guardian's request for further clarification regarding the May 25, 2004 Order.

**IT IS SO ORDERED.**

<pre>                                        s/ Kathleen M. O'Malley
                                        KATHLEEN McDONALD O'MALLEY
                                        UNITED STATES DISTRICT JUDGE</pre>

**Dated: October 4, 2006**

45315-1