# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE COMMERCIAL MONEY CENTER, INC. EQUIPMENT LEASE LITIGATION | CASE NO. 1:02-cv-16000 |
| | MDL CASE NO. 1490 |
| | JUDGE KATHLEEN O'MALLEY |
| | MAGISTRATE JUDGE NANCY VECCHIARELLI |
| | ORDER |

Ameriana Bank and Trust ("Ameriana") moved to strike (Doc. No. 1906) the portion of RLI Insurance Company's ("RLI") Identification of Experts that reserves the right to introduce and/or adopt expert testimony at trial from any expert disclosed in the MDL proceeding and/or to introduce opinion testimony of any witness who has provided such testimony in depositions given in the MDL (Doc. No. 1878, Page 4, Last Paragraph). Ameriana contends this language (the "reservation language") is inconsistent with Rule 26(a)(2) of the Federal Rules of Civil Procedure ("Rules") and the Court's case management plan that requires the parties to "designate and disclose any experts . . .supporting their claims" and to "include the curriculum vitae of each expert, as well as a general summary of the opinions to be expressed by each expert."

Ameriana contends that the reservation language provides insufficient notice of an intention to call experts/witnesses. Ameriana asserts that to adequately prepare for trial, it would have to attend the depositions of all experts identified by any party to the MDL, a task it claims is unreasonable, burdensome and costly. Further, Ameriana argues that RLI, in violation of the

Rules and this Court's order, has failed to provide the names, addresses, curriculum vitae or general summaries of the proposed experts.

RLI responds that it intends to rely exclusively on its own identified expert and witnesses, but reasonably included the reservation language to protect its interest in the event its experts become unavailable or some other unforeseen circumstances arise. In addition to disputing Ameriana's position that the reservation language violates the Rules and Court orders, RLI asserts the motion to strike is premature and deals with a hypothetical situation that has not yet occurred. RLI contends that the time to address the issue is if/when RLI actually seeks to use experts that it has not specifically identified in its identification of experts.

This Court views reservation language as mere boilerplate that simply indicates that if unanticipated circumstances arise, RLI may move the Court to supplement its expert/witness opinion disclosure; the Court presiding over the trial or over discovery when/if such a motion is made maintains the final authority to determine whether the burden on the opposing party, the interest of justice, and the circumstances justify the request. The inclusion of the reservation language confers no additional rights on RLI to call experts or witnesses it has not specifically identified.

Ameriana's concern is that RLI's broad reservation requires it to defend against the use of all possible experts and to attend all expert depositions. This is not so. In an apparent abundance of caution, Ameriana seeks to have the reservation language stricken. While this Court agrees that (1) no party has an unfettered right to call a witness or rely on the opinion testimony of any witness not specifically identified in the expert disclosures; (2) the general reservation language does not put the Ameriana on fair notice of RLI's intent to rely upon expert/witness testimony that

is not specifically identified; and (3) no party has the unfettered discretion to call or rely on expert/witness opinion testimony it does not specifically disclose in the expert disclosure notice, it is not necessary to strike boilerplate language that trial attorneys, at least in this district, often include, even if it has little or no substantive meaning.

## CONCLUSION

For the reasons set forth above, the Motion to Strike (Doc. No. 1906) is GRANTED IN PART in so far as this Court agrees that the reservation language does not provide fair notice of RLI's intention to call witnesses or experts not specifically identified in its disclosure. The MOTION IS DENIED IN PART to the extent Ameriana seeks to strike the reservation language, as such a remedy is unnecessary.

**IT IS SO ORDERED.**

                                         s/ *Nancy A. Vecchiarelli*
                                         NANCY A. VECCHIARELLI
                                         U.S. MAGISTRATE JUDGE

Date: March 6, 2007