UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: COMMERCIAL MONEY CENTER, INC., EQUIPMENT LEASE LITIGATION | : : : : : : : : : : : | Case No. 1:02CV16000<br><br>(MDL Docket No. 1490)<br><br>JUDGE O'MALLEY<br><br>MEMORANDUM AND ORDER<br><br>This Order Relates To Case Nos. 02CV16001, 02CV16005, 02CV16013, 02CV16027 and 04CV16001 |

This action is before the Court upon a motion by various Banks (Ameriana Bank and Trust, SB, Atlantic Coast Federal Bank, NorStates Bank f/k/a Bank of Waukegan and Sky Bank)(collectively, "Banks") to exclude the expert reports and testimony of Charles E. Doster and Richard W. George, two experts proffered by RLI Insurance Company ("RLI")(Doc. 1965). For the reasons set forth herein, the Banks' motion is denied.

**I.  Background**

RLI has proffered expert reports from two purported banking experts, Charles Doster ("Doster Report") and Richard George ("George Report"). The parties apparently agree that the focus of each of these expert reports is the allegedly negligent conduct of the moving banks in evaluating and underwriting the Commercial Money Center, Inc. ("CMC") transactions.

The Banks seek to exclude the Doster and George Reports in their entirety, based on the contention that the Banks' purported negligence is irrelevant to any of the valid claims and defenses at issue in this litigation. RLI opposes the Banks' motion, arguing that negligence by

1

the Banks bears on several of the claims and defenses asserted by RLI.

For the reasons set forth herein, the Banks' motion to exclude is denied.

**II.     Discussion**

The Banks' claims asserted against RLI in this litigation include breach of contract, bad faith, breach of fiduciary duty, and misrepresentation.  RLI has asserted various affirmative defenses relating to fraud on the part of CMC and negligence on the part of the Banks, as well as equitable claims including rescission, exoneration and declaratory relief.  RLI's pleading also contains a claim against the Banks for "negligent disbursement."  The Banks, however, argue that an identical claim previously was rejected by this Court, and that the negligent disbursement claim, thus, should be disregarded.

The Banks argue, in essence, that their claims against RLI involve causes of action for breach of contract and intentional tort, and that contributory negligence and assumption of risk are not available as defenses to those causes of action. *See Fresno Air Service v. Wood*, 43 Cal. Rptr. 276, 279 (5th Dist. 1965)(assumption of risk and contributory negligence inapplicable to conversion and breach of contract claims); *Chase Bank v. Nealco Leasing*, 92 Ohio App. 3d 555, 569 (1st Dist. 1993)(contributory or comparative negligence or assumption of risk are unavailable in contract action); *Stump v. Industrial Steeplejack Co.*, 104 Ohio App. 3d 86, 94 (8th Dist. 1995)(assumption of risk and contributory negligence inapplicable to intentional tort claim).[1]  The Banks contend, moreover, that RLI could not invoke such defenses in any event since there is no basis for imposition of a duty to RLI on the part of the Banks. *See Kinner v.*

---

[1] Since the parties dispute the state law applicable to the claims in these actions, and since different claims may in fact be subject to different state laws, the Court considers all of the issues involved in this motion under both California and Ohio law.

2

*World Sav. & Loan Assn.*, 57 Cal. App. 3d 724, 728-34 (2d Dist. 1976)(bank has no obligation to lend sufficient funds or not lend at all); *Sowers v. Heidler*, 2003 Ohio App. LEXIS 6114, *7-*9 (12th Dist. Dec. 15, 2003)(unpublished disposition)(no duty to inspect or monitor project to ensure funds were properly used).

RLI, on the other hand, argues that the negligence of the Banks, as substantiated by the Doster and George Reports, is relevant to determination of several important issues in the case, including: (1) RLI's negligence claim against the Banks; (2) the Banks' assertions of "justifiable reliance" in connection with the Banks' misrepresentation claims; and (3) the Banks' equitable claims (including reformation, estoppel, and unjust enrichment), and RLI's equitable defenses. The Court carefully has reviewed the parties' arguments, and evaluates each of RLI's claimed justifications for admission of this expert evidence herein.

### A. Negligent Disbursement Claim

The Banks vigorously argue that the Court must disregard RLI's claim for negligent disbursement, since the Court already has rejected identical claims by other sureties. Accordingly, the Banks contend, RLI's assertion of such a claim is barred by the law of the case doctrine. *See Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).

RLI does not directly respond to the Banks' argument relating to its "negligent disbursement" claim; rather, RLI discusses arguments and evidence apparently relating to the <u>general</u> negligence of the Banks. RLI contends that the Banks, as obligees claiming rights under the surety bonds, owed legal duties to RLI, and breached those duties by concealing facts related to CMC's fraud—including facts disclosed in the Whitfield packet which, RLI alleges, was received by the Banks before they entered into the CMC transactions. RLI also asserts that, before Sky Bank closed on its final CMC transaction, Sky was served as a cross-defendant in a

3

lawsuit between CMC and Illinois Union. Although the lawsuit contained multiple allegations of fraud by CMC, RLI alleges that Sky never informed it of those allegations. The focus of RLI's arguments, apparently, is that the Banks breached an obligation to disclose these "known facts" to RLI.[2]

Although RLI's pleadings do contain allegations involving such concealment or nondisclosure by the Banks, those allegations are set forth primarily in RLI's equitable claims and defenses, including its claims for exoneration. RLI's asserted "negligence" claim, on the other hand, is titled "negligent disbursement," and contains allegations relating only to the Banks' asserted affirmative negligence in loaning funds to CMC or the Guardian entities. Accordingly, in discussing the relevance of the Banks' purported negligence to RLI's "negligence" claim, the Court considers only the allegations contained in the negligent disbursement claim.

In its opinion disposing of the motions for leave to amend (02-16000, Doc. 1865, at 64-67 and 79-82), the Court rejected "negligent disbursement" claims asserted by Safeco in two cases (02-16014 and 02-16021), explaining that, under California law, a "negligent disbursement" claim was "legally meritless on its face. . . ." *Id.* at 67.[3] The Court similarly has

---

[2] The Banks argue that, to the extent RLI seeks to rely on its purported "expert" testimony to establish that the Banks actually were in possession of material information, RLI's experts could have no personal knowledge of those facts, and their testimony should not be admissible on that issue. The Banks also assert that any duty to disclose on the part of the Banks would be imposed as a matter of law, not banking standards—and thus that RLI's experts may not testify as to such legal duties. Although it is far from clear that RLI intends to proffer its expert evidence for these improper purposes, the Court agrees with the Banks that the testimony of banking experts would not be relevant either (1) to resolve factual disputes as to the Banks' receipt of the Whitfield packet; or (2) to establish the existence of a legal duty to disclose. Moreover, expert testimony is not permitted in the Sixth Circuit as to issues of breach of duty. *See McGowan v. Cooper Industries, Inc.*, 863 F.2d 1266, 1272-73 (6th Cir. 1988).

[3] In seeking to assert its negligent disbursement claim, Safeco argued only that this claim was viable under California law. The parties apparently agreed that Ohio law did not recognize such a claim, and thus the Court did not directly consider the applicability of Ohio law to Safeco's proposed claim. RLI, similarly, appears to base its claim on California law. In any event, the Court has reviewed Ohio law independently and has found no support under Ohio law for a negligent disbursement claim by a surety against a bank.

reviewed RLI's negligent disbursement claim asserted in 02-16001. Although RLI asserts that the Banks have "mischaracterized its claim," RLI does not provide, nor does the Court find, any basis for distinguishing RLI's claim from those rejected by the Court in its prior opinion.[4]

Since the Court finds that RLI's negligent disbursement claim fails to state a claim as a matter of law, the Doster and George Reports are not relevant to support that claim.

### B. Justifiable Reliance

The Banks have sued RLI for both intentional and negligent misrepresentation. RLI argues that evidence of purported negligence on the part of the Banks is relevant to the Banks' fraud claims, since the Banks are required to show justifiable reliance as an element of those claims. *See Okun v. Morton*, 203 Cal. App. 3d 805, 828 (2d Dist. 1988); *Burr v. Bd. of County Comm'rs*, 23 Ohio St. 3d 69, 73 (1986). According to RLI, it was unreasonable for the Banks to proceed with the CMC transactions without conducting sufficient due diligence. RLI asserts that the Banks' own negligence prevents them from asserting credibly that they justifiably relied upon representations by RLI.

The Banks respond that there is no connection between the Banks' alleged failure to follow banking standards and the Banks' reliance on statements made by RLI to the Banks. The Banks argue that RLI may only challenge the reasonableness of their reliance based on the context of RLI's purported representations and that, again, the conduct of the Banks is irrelevant in that framework.

Inexplicably, none of the parties has cited any case law relating to the issue of whether evidence of contributory negligence may serve to undercut a party's justifiable reliance in a

---

[4] Although the Court granted RLI's motion for leave to amend its pleadings in 02-16001 without discussion (Doc. 1865, at 90-91), RLI's motion was unopposed, and the parties did not point out in their briefing that RLI's proposed amendment contained a negligent disbursement claim. Accordingly, although the Court had barred identical claims asserted by Safeco, the Court granted RLI's motion without addressing the issue.

5

claim for fraud or misrepresentation. The Court has researched this issue independently, however, under both California and Ohio law, and has found that both states allow such evidence in certain limited circumstances. California applies somewhat different standards depending on whether the claim asserted is one for intentional fraud or for mere negligent misrepresentation. Where intentional fraud is asserted, contributory negligence generally does not operate to preclude liability. "Negligence on the part of the plaintiff in failing to discover the falsity of a statement is no defense when the misrepresentation was intentional rather than negligent. . . ." *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239-40 (1995), *quoting Seeger v. Odell*, 18 Cal. 2d 409, 414 (1941). "[T]he recipient of a fraudulent misrepresentation of fact is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he undertaken an investigation. . . ." *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir. 2003), *quoting Storage Services v. Oosterbaan*, 214 Cal. App. 3d 498, 508 (1st Dist. 1989). Courts have suggested, however, that, even in the context of fraud, a plaintiff's negligence may preclude proof of justifiable reliance in extreme circumstances. "If the conduct of the plaintiff in the light of his own intelligence and information was <u>manifestly unreasonable</u>, however, he will be denied a recovery. . . ." *Seeger*, 18 Cal. 2d at 415 (emphasis added).

Under California law, even where the defendant's misrepresentations are negligent only, a defendant is still limited in its ability to rebut plaintiff's justifiable reliance with evidence of the plaintiff's negligence. Such evidence may be admissible only to demonstrate that the plaintiff has engaged in blatantly unreasonable conduct. "A defendant who misrepresents the facts and induces the plaintiff to rely on his statements should not be heard in an equitable action to assert that the reliance was negligent unless plaintiff's conduct, in the light of his intelligence and information, is <u>preposterous or irrational</u>. . . ." *Van Meter v. Bent Constr. Co.*, 46 Cal. 2d 588,

6

595 (1956)(emphasis added). *See also Howell v. Courtesy Chevrolet, Inc.*, 16 Cal. App. 3d 391, 403 (2d Dist. 1971)("[w]here one is justified in relying, and in fact does rely, upon false representations, his right of action is not destroyed because means of knowledge were open to him. In such a case, no duty in law is devolved upon him to employ such means of knowledge. . . .")(citation omitted).

Ohio courts are slightly more receptive to this form of evidence, treating evidence of a plaintiff's negligence in the context of a fraud claim as an issue of fact, to be determined on a case-by-case basis. One Ohio appellate court recently stated:

> Reliance is justifiable if the representation does not appear unreasonable on its face and if there is no apparent reason to doubt the veracity of the representation under the circumstances. However, there must be a balance between reliance and responsibility:
>
> ***
>
> Although the plaintiff's reliance on the misrepresentation must be justifiable . . . this does not mean that his conduct must conform to the standard of the reasonable [person]. Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases. . . .

*AmeriFirst Sav. Bank v. Krug*, 136 Ohio App. 3d 468, 495-96 (2d Dist. 1999)(internal citations omitted). Thus, under both California and Ohio law, the Court finds that evidence of contributory negligence may be relevant, at least in limited circumstances, to challenge a plaintiff's claims of justifiable reliance.

The Banks' additional argument that they lacked any duty to RLI does not defeat the potential relevance of such evidence, as duty to the defendant is not an element of a contributory negligence defense under California or Ohio law. Citing Prosser, Law of Torts, the California Supreme Court has stated:

> It is perhaps unfortunate that contributory negligence is called negligence at all. 'Contributory fault' would be a more descriptive term. Negligence as it is commonly understood is conduct which creates an undue risk of harm to others. Contributory negligence is conduct which involves an undue risk of harm to the actor himself. Negligence requires a duty, an obligation of conduct to another person. Contributory negligence involves no duty, unless we are to be so ingenious as to say that the plaintiff is under an obligation to protect the defendant against liability for the consequences of his own negligence.

*Daly v. General Motors Corp.*, 20 Cal. 3d 725, 735 (1978). Ohio law is substantially similar. *See New York C. R. Co. v. Sentle*, 54 Ohio App. 488, 493 (6th Dist. 1936)(contributory negligence involves duty of plaintiff to itself, not defendant).

The Court finds, therefore, that to the extent the Doster and George Reports may be relevant to rebut the Banks' assertions of justifiable reliance, exclusion of those Reports would be inappropriate. Although the Court acknowledges that the circumstances in which such evidence may be introduced are limited, and the showing required to justify a jury instruction on the issue may be high, in the context of this motion to exclude, the Court makes no determination as to whether RLI may demonstrate facts sufficient to justify reliance on such evidence.

### C.     Equitable Claims and Defenses

RLI argues that the Doster and George Reports also are relevant to the Banks' equitable claims in this action, as well as RLI's equitable defenses. The Banks have asserted claims for reformation in this action. RLI contends that, as reformation is an equitable remedy, reformation must be denied where the party seeking reformation has acted negligently and has permitted a mistake to occur. *See Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App. 3d 1, 19 (4th Dist. 1989)("[s]ince reformation is an equitable remedy, it may be denied if the mistake was the result of 'the want of that degree of care and diligence which would be exercised by persons of reasonable prudence under the same circumstances . . . .'").

8

The Banks, on the other hand, contend that a negligence defense to a reformation claim applies only where the negligence in question causes a failure on the part of the executed instrument to reflect the agreement of the parties. *See, e.g., Appalachian Ins. Co.*, 214 Cal. App. 3d at 19-20. In this case, the Banks argue, RLI alleges no negligence by the Banks relating to the language of the surety bonds. Rather, RLI contends that the Banks were negligent in deciding to enter into the CMC transactions in the first place. This type of negligence, the Banks argue, has no relevance in evaluating the Banks' reformation claims.

Additionally, RLI asserts, the Banks have invoked an equitable principle providing that "[w]here one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer. . . ." Cal. Civ. Code § 3543. RLI argues, however, that a party that itself was negligent cannot reap the benefit of this provision. *See Collins v. Home Sav. & Loan Asso.*, 205 Cal. App. 2d 86, 101 (2d Dist. 1962)(section 3543 inapplicable where both parties were negligent).

The Banks respond that RLI is not an innocent party, since it either (1) committed fraud upon the Banks; (2) negligently failed to properly underwrite the bonds; or (3) has contractual liability to the Banks upon the bonds. The Banks thus appear to agree that section 3543 does not apply. They contend, however, that RLI may not rescind its bonds where "the rights of innocent third parties have intervened . . .", *Gill v. Rich*, 128 Cal. App. 4th 1254, 1267 (2d Dist. 2005). The Banks are innocent third parties under this standard, they insist, as they had no knowledge of CMC's fraud.

Finally, RLI contends that evidence of the Banks' negligence is relevant to the Banks' equitable claims of estoppel and unjust enrichment, as well as RLI's equitable defenses. Essentially, RLI asserts that, where the Court is seeking to do "equity" between the parties, it

should consider the negligent conduct of the Banks as well as that of RLI.

The Banks argue that the Doster and George Reports are irrelevant to RLI's estoppel defenses, because estoppel requires intentional conduct designed to induce reliance. Since the Doster and George Reports are focused only on negligent conduct, the Banks argue, the testimony of these experts cannot support RLI's estoppel defenses.

In the Court's view, the parties have inadequately briefed the issues relating to the equitable claims and defenses involved in this action. As a result, the Court is unable to determine the extent to which evidence relating to the Banks' purported negligence would be relevant to these claims. The Court seriously doubts that the introduction of negligence evidence would be relevant in connection with the reformation claims, except to the extent the negligence in question caused an error in the contractual language sought to be reformed. With respect to the majority of the equitable claims and defenses asserted by the parties, however, the parties have failed to articulate the factual basis for any of those claims, or to set forth the legal elements. Accordingly, the Court cannot say as a matter of law that evidence of negligence would be entirely irrelevant to the equitable claims and defenses raised by the parties. In light of the fact that some parties have filed Notices of Intention to File Motions for Summary Judgment related to the equitable claims and defenses, some of these issues may be clarified at the dispositive motion stage.

In any event, given the Court's conclusion that evidence of the Banks' negligence may, in some circumstances, be relevant in establishing a defense to the Banks' justifiable reliance, it is unnecessary to determine at this stage whether such evidence also may be relevant in an evaluation of the parties' equitable claims and defenses. The Banks' motion to exclude is <u>denied</u>.

### III. Conclusion

For the reasons set forth herein, the Banks' motion to exclude (Doc. 1965) is <u>denied</u>.

**IT IS SO ORDERED.**

                                                 <u>s/ Kathleen M. O'Malley</u>
                                                 **KATHLEEN McDONALD O'MALLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**Dated: August 13, 2007**

49455-1