UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: COMMERCIAL MONEY CENTER, INC., EQUIPMENT LEASE LITIGATION | : : : : : : : : : : : | Case No. 1:02CV16000<br><br>(MDL Docket No. 1490)<br><br>JUDGE O'MALLEY<br><br>**MEMORANDUM AND ORDER**<br><br>This Order Relates To Case Nos.<br>02CV16001<br>02CV16027 |

      The dispute in these actions centers around the Sureties' liability on various surety bonds issued in connection with certain transactions between the Banks[1] and Commercial Money Center, Inc. ("CMC"). CMC's business purportedly involved the leasing of equipment and vehicles to numerous lessees in exchange for lease payments. CMC then pooled the leases and sold them to institutional investors. Apparently, the majority of CMC's leasing business was a sham, and the Banks claim millions of dollars in losses from these transactions. The Banks now sue the Sureties to recover on the surety bonds associated with the transactions. The Sureties raise CMC's fraud as a defense to the Banks' claims and seek to rescind the surety bond transactions based on fraud in the inducement.[2]

      These actions are before the Court upon the motion of Atlantic Coast Federal Bank ("Atlantic Coast") for suggestion to the Judicial Panel on Multidistrict Litigation (the "MDL

---

[1] Where not defined herein, capitalized terms used in this Opinion have the meanings ascribed to them in the Court's Consolidated Rulings issued August 19, 2005 (Docs. 1708, 1709).

[2] The Court does not summarize here the entirety of the complicated factual scenario involved in these cases. Rather, the Court refers the reader to its two Consolidated Rulings on the numerous Motions for Judgment on the Pleadings, issued August 19, 2005 (02-16000, Docs. 1708, 1709).

Panel") that these actions be remanded to the transferor court, the Southern District of California (02-16000, Doc. 2199). For the reasons set forth herein, Atlantic Coast's motion is <u>granted</u>.

**I.     Background**

Both actions here are part of a consolidated multidistrict litigation, which was transferred to this Court by Order of the MDL Panel on October 25, 2002 (02-16000, Doc. 1). Case No. 02CV16001 was filed by RLI Insurance Company (RLI) in the Southern District of California as 02CV192 on February 1, 2002, seeking relief against multiple parties; it was transferred to this Court by Order of the MDL Panel on November 4, 2002. Currently, the only parties with claims remaining in the action are RLI and Atlantic Coast.

Case No. 02CV16027 was filed by Atlantic Coast against RLI in Georgia state court and removed by RLI to the Southern District of Georgia on May 16, 2002 as 02CV45. On October 7, 2002, U.S. District Judge William T. Moore transferred the case to the Southern District of California on RLI's motion. On December 30, 2002, the case was transferred by Order of the MDL Panel from the Southern District of California to the Northern District of Ohio and consolidated as part of this multidistrict litigation.

Fact and expert discovery have been completed in the multidistrict litigation, and summary judgment motions currently are pending before the Court in multiple cases. There are, however, no summary judgment motions pending in either of the actions involving RLI and Atlantic Coast.[3] Atlantic Coast is not party to any other actions in this multidistrict litigation.

---

[3] RLI filed a summary judgment motion against Atlantic Coast and Bank of Waukegan in three cases on February 15, 2008 (02-16000, Doc. 2156), arguing that RLI was entitled to judgment on the banks' claims for bad faith and breach of fiduciary duty. Subsequently, RLI and Bank of Waukegan resolved all claims between them (04-16001, Doc. 8), and Atlantic Coast agreed to dismiss its claims for bad faith and breach of fiduciary duty (02-16001, Docs. 76, 78; 02-16027, Docs 16, 18). Accordingly, RLI's motion for summary judgment now is moot.

RLI is plaintiff in another action, 03CV16000, in which it asserts claims against Michael Anthony, Anthony & Morgan Surety & Insurance Services, Inc. ("Anthony & Morgan"), Guardian Financial Group, Guardian Capital XVIII, Blaine Tanner, and several CMC insiders.

Atlantic Coast requests that this Court suggest to the MDL Panel that remand to the Southern District of California is appropriate. Atlantic Coast asserts that pretrial matters are substantially complete in this action, and that there is no justification for continuing consolidated treatment of these cases. RLI has opposed Atlantic Coast's motion (02-16000, Doc. 2202), arguing that other cases within this multidistrict litigation share common issues with these actions and render remand inappropriate. For the reasons set forth herein, the Court grants Atlantic Coast's motion and suggests remand of these cases to the Southern District of California.

**II. Discussion**

The federal multidistrict litigation statute, 28 U.S.C. § 1407, mandates that each transferred action "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). Atlantic Coast's motion requests that this Court now suggest such remand in these cases.

As this Court has explained in previous orders (02-16000, Doc. 1824, 1963), the ultimate decision of whether to remand a case from a transferee court rests with the MDL Panel. *See* 28 U.S.C. § 1407. "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial

proceedings." *In re Data General Corp. Antitrust Litigation*, 510 F. Supp. 1220, 1226 (J.P.M.L. 1979), *quoting In re Holiday Magic Sec. & Antitrust Litigation*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).

"[A] party seeking remand to the transferor court has the burden of establishing that such remand is warranted. . .", *Kinley Corp. v. Integrated Resources Equity Corp. (In re Integrated Resources, Real Estate Ltd. Partnership Sec. Litig.)*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994) and a transferee judge should make such a suggestion only when the judge "perceives his or her role in the case has ended." *Id.* Rather, a suggestion of remand is appropriate where a case will not "benefit from further coordinated proceedings as part of the MDL . . .", *McKinney v. Bridgestone/Firestone, Inc. (In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.)*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001), and "when everything that remains to be done is case-specific." *Bridgestone/Firestone*, 128 F. Supp. 2d at 1197, *quoting In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000).

Atlantic Coast argues that pretrial proceedings between it and RLI are substantially complete, and thus that a suggestion of remand is appropriate in these cases. Atlantic Coast notes that it is the only bank with pending actions against RLI, and that fact and expert discovery now have concluded. Additionally, Atlantic Coast asserts, there are no pending motions for summary judgment between these parties, and thus there is no reason for continuing consolidated treatment.

RLI opposes Atlantic Coast's request, arguing that RLI has an ongoing action (03-16000) against other parties in this litigation, and that RLI's other case would be most efficiently consolidated with its Atlantic Coast cases for trial. RLI argues that these cases share common issues, including alleged fraud by CMC and other parties, the validity of the underlying leases,

4

and the enforceability of the Sureties' lease bonds. Since the facts and evidence regarding the alleged fraud will be substantially the same, and RLI seeks rescission of its bonds in every case, RLI contends that the California court may wish to consider these cases together. RLI asserts that separate remand of these cases would force the California district court either to (1) undertake multiple trials of this dispute; or (2) delay trial of this matter until the conclusion of the entire multidistrict litigation.

RLI argues, further, that four additional (non-RLI) cases in this MDL originated in the Southern District of California and involve some of the same parties that RLI has sued in 03-16000. Since the non-RLI cases also will be remanded to the Southern District of California for trial, RLI asserts that the California district court may wish to consolidate these cases as well. RLI thus maintains that remand of the Atlantic Coast cases should be delayed until all MDL proceedings are complete.

RLI also notes that summary judgment motions are pending between other parties and in other cases in this MDL. According to RLI, the Court's decisions on the pending dispositive motions may be relevant to the California court, and thus remand should be delayed to avoid inconsistent results. Finally, RLI relies on this Court's previous denial of several motions for suggestion of remand (Docs. 1711, 1824, 1863) based on principles of consistency and judicial economy, and asserts that similar principles apply to support denial of remand here.

In reply to RLI's opposition brief, Atlantic Coast asserts that RLI's arguments are speculative, and stem from an overly paternalistic view of the California district court's ability to manage its docket. Moreover, Atlantic Coast argues that the circumstances of this action have dramatically changed since the Court ruled on parties' prior motions for suggestion of remand. Specifically, fact and expert discovery now are complete, and parties have had the opportunity to

file summary judgment motions. While Atlantic Coast acknowledges that dispositive motions are pending against other parties in other actions, Atlantic Coast points out that none of those motions are pending against RLI, or against Michael Anthony and/or Anthony & Morgan, RLI's allegedly authorized agent. Atlantic Coast thus asserts that the pending summary judgment motions raise no issues that would preclude this Court's issuance of a suggestion of remand.

The Court agrees with Atlantic Coast. Notwithstanding the Court's earlier rulings denying requests for suggestion of remand, the procedural posture of these cases has altered sufficiently with respect to these parties as to render remand now appropriate. At the time the Court issued its prior opinions, several significant pretrial procedures remained to be completed—including expert disclosure, motions for leave to amend the pleadings, jurisdictional and venue motions, and dispositive motions. Each of those stages now has been concluded with respect to the instant cases.

In the prior motions, where parties requested remand prior to completion of discovery and resolution of summary judgment motions, the Court had ample justification for declining to enter such a suggestion. As this Court previously has stated (Doc. 1863, at 5), the Court believed that all cases in this MDL would benefit from a consolidated fact and expert discovery process. Moreover, if remand were to occur prior to the filing of summary judgment motions, the Court had significant concerns that resolution of any such motions in divergent forums could engender inconsistent results.

Once a case has passed the dispositive motion stage, however, significant legal issues for resolution by the Court no longer are present. Rather, these cases will move toward trial, with disputed issues to be determined by the fact finder in accordance with the evidence presented. While some inconsistency of results may occur at the trial stage, such inconsistency does not

threaten the coherence of the proceedings before this Court. Rather, any inconsistent results at trial will be a function of (1) the differing venues in which these actions were filed and will be tried; (2) differing local law and standards applicable to the consideration of these cases; and (3) differing evidence presented in these cases, as well as the often dissimilar provisions of the governing transaction documents. This type of potential inconsistency, while concededly present, is unavoidable and is contemplated by the MDL statute—which requires remand to transferor courts upon completion of pretrial proceedings.

Given that no dispositive motions are pending between these parties, it is indisputable that pretrial proceedings now are complete in these cases. Thus, the only question before the Court is whether this case is so related to other cases within the MDL that it would benefit from further consolidated proceedings. The Court finds no such connection here. As Atlantic Coast has noted, there are no other cases in the MDL involving Atlantic Coast. RLI is a party to only one additional proceeding, which involves claims by RLI against the Guardian entities, Michael Anthony and his brokerage firm, Anthony & Morgan, and several individual CMC insiders. The claims against Anthony and his firm, as well as those against the CMC-affiliated individuals, are entirely severable from the Atlantic Coast/RLI cases, and RLI does not seriously argue that there is a relevant relationship.[4]

Thus, the only claims arguably related to the Atlantic Coast/RLI actions are those by and against the Guardian entities. RLI argues that the Guardian claims are inextricably connected to the claims between Atlantic Coast and RLI, since Guardian also asserts an interest in RLI's surety bonds and all cases present issues regarding the validity of the bonds. The Court finds,

---

[4] Although RLI has alleged that the fraud of CMC and Anthony vitiate its obligations under the bonds, such allegations have been raised by every surety party to this action. Issues relating to fraud upon the Sureties will be tried in every case in this MDL, in each respective transferor forum. There is no reason that separate trials here would generate any greater inconsistency than that normally inherent in the trial process.

7

however, that the factual and procedural posture of the Guardian claims differs considerably from that present in the Atlantic Coast/RLI cases.

First, the Guardian claims involve both a different transactional structure and different factual allegations. Atlantic Coast purchased the income stream from the lease pools directly from CMC and was the ultimate investor in the lease pools. The Guardian entities, on the other hand, were intermediaries who used the proceeds of bank loans to purchase the income streams from the lease pools, and then secured payment of loan obligations by assigning the income streams to the lender banks. Additionally, Guardian is alleged to have been a participant in CMC's fraud. RLI's claims against Guardian include fraud and conspiracy to defraud, as well as a demand for punitive damages. RLI has made no such assertions with respect to Atlantic Coast, and thus the nature of these cases differs fundamentally.

Most significantly, the issues raised on the pending summary judgment motions involving the Guardian parties have no relation to the allegations in the Atlantic Coast/RLI cases, such that decisions on the pending Guardian motions cannot affect these cases. Various parties have asserted summary judgment motions against the Guardian entities relating to: (1) the viability of the bad faith/breach of fiduciary duty claims raised by Guardian; (2) Guardian's alleged lack of standing to assert rights in the lease bonds; and (3) the viability of Guardian's asserted third party beneficiary claim.

Although Atlantic Coast initially asserted claims against RLI for bad faith and breach of fiduciary duty, it has now voluntarily withdrawn those claims. Moreover, because of the differing factual context of the cases, Atlantic Coast has not asserted third party beneficiary claims, nor has RLI challenged Atlantic Coast's standing in these actions. Accordingly, the pending dispositive motions against Guardian can have no possible impact on these cases and

should not delay remand.

To the extent RLI's arguments are based on alleged convenience to the California district court, the Court finds that determinations of docket management should be deferred to the affected court. In the event that the California district judge determines that all actions relating to this MDL would be most efficiently tried together, the district judge is free to stay the Atlantic Coast actions in order to permit a joint trial with RLI's action against third parties. Should the transferor court decide, on the other hand, that the dispute between Atlantic Coast and RLI is sufficiently discrete to allow trial to proceed immediately, it may schedule that trial to occur at its convenience. Such a determination, however, is properly made by the trial court, not the MDL transferee court.

Finally, with respect to RLI's concern that it will be compelled to litigate in two separate forums, the Court finds that the current procedural posture of these cases minimizes any potential burden on RLI. Since the consolidated MDL now is at the summary judgment stage, no further discovery will occur, and all cases presumably will be returned to their transferor forums upon resolution of the dispositive motions. In the interim, there is simply nothing for RLI to do in the Northern District of Ohio but await this Court's resolution of the motions. Accordingly, the nominal fact of litigation in two forums should not impose a logistical or financial burden on RLI.

In short, pretrial proceedings now have terminated in these cases, and remand to the Southern District of California for trial is appropriate. Accordingly, this Court hereby suggests that the MDL Panel order such remand in these cases.

## III. Conclusion

For the reasons set forth herein, Atlantic Coast's motion for suggestion of remand (02-16000, Doc. 2199) is <u>granted</u>.

**IT IS SO ORDERED.**

<u>s/ Kathleen McDonald O'Malley</u>
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: August 5, 2008**

59192-1