UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: COMMERCIAL MONEY CENTER, INC., EQUIPMENT LEASE LITIGATION | : : : : : : : : : : : : | Case No. 1:02CV16000 <br><br> (MDL Docket No. 1490) <br><br> JUDGE O'MALLEY <br><br> <u>MEMORANDUM AND ORDER</u> <br><br> This Order Relates To Case Nos. 02CV16012, 02CV16017, 02CV16018, 02CV16019, and 02CV16022 |

The dispute in these actions centers around the Sureties' liability on various surety bonds issued in connection with certain transactions between the Banks[1] and Commercial Money Center, Inc. ("CMC"). CMC's business purportedly involved the leasing of equipment and vehicles to numerous lessees in exchange for lease payments. CMC then pooled the leases and sold them to institutional investors. Apparently, the majority of CMC's leasing business was a sham, and the Banks claim millions of dollars in losses from these transactions. The Banks now sue the Sureties to recover on the surety bonds associated with the transactions. The Sureties raise CMC's fraud as a defense to the Banks' claims and seek to rescind the surety bond transactions based on fraud in the inducement.[2]

These actions are before the Court on the request of the Guardian Entities[3] for entry of a

---

[1] Where not defined herein, capitalized terms used in this Opinion have the meanings ascribed to them in the Court's Consolidated Rulings issued August 19, 2005 (Docs. 1708, 1709).

[2] The Court does not summarize here the entirety of the complicated factual scenario involved in these cases. Rather, the Court refers the reader to its two Consolidated Rulings on the numerous Motions for Judgment on the Pleadings, issued August 19, 2005 (02-16000, Docs. 1708, 1709).

[3] The "Guardian Entities," as referenced in this Memorandum and Order, refers to Guardian Capital IX, LLC; Guardian Capital XIV, LLC; Guardian Capital XV, LLC; Guardian Capital XVI, LLC; and Diversity Capital II,

1

partial final judgment pursuant to Fed. R. Civ. P. 54(b), with respect to the Court's Order granting summary judgment in favor of Royal Indemnity Company and American Motorists Insurance Company (collectively, the "Sureties") against various Guardian Entities ("Summary Judgment Order," Doc. 2209). The Court, in its Summary Judgment Order, found that the Guardian Entities' lender banks had succeeded to the Guardian Entities' interests in the lease bonds and SSAs, upon which the Guardian Entities' claims were premised, by means of (1) assignments of the Guardian Entities' interests to the banks as collateral for loans from the lender banks; and (2) subsequent foreclosure sales of the collateral by the lending banks. Accordingly, the Court found that the Guardian Entities retained no interests in the bonds or SSAs, such as would support claims premised upon those documents.

The Guardian Entities now have requested that the Court certify its Summary Judgment Order as a final order in the above-referenced cases pursuant to Fed. R. Civ. P. 54(b). For the reasons set forth herein, the Court <u>denies</u> the Guardian Entities' request and <u>declines</u> to issue a certification pursuant to Fed. R. Civ. P. 54(b) in these cases.

Fed. R. Civ. P. 54(b) provides:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

Fed. R. Civ. P. 54(b). Pursuant to Rule 54(b), the entry of final judgment is appropriate where (a) such judgment can be directed as to one or more, but fewer than all, of the claims <u>or</u> parties in the action; and (b) there is no just reason for delay. *See Curtiss-Wright Corp. v. General Elec.*

---

LLC.

*Co.*, 446 U.S. 1, 7 (1980); *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 443 (6th Cir. 2004).

The Sureties assert that certification of partial final judgment is inappropriate in these cases because the Summary Judgment Order disposed only of the Guardian Entities' counterclaims against the Sureties, while the Sureties' direct claims remain pending in these actions. In support of their position, the Sureties cite *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820-21 (6th Cir. 2005). The *Lowery* decision contains a detailed discussion of the principles relevant in considering a request for Rule 54(b) certification:

> Although Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate immediate appeal of every action taken by a district court. . . . Rather, the rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. . . . Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. . . .

*Id.* (internal quotations and citations omitted).

In considering the appropriateness of Rule 54(b) certification, the *Lowery* court applied the non-exhaustive list of factors previously applied by the Sixth Circuit:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. . . .

*General Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994)(citations omitted).

According to the Sureties, multiple factors here weigh against the advisability of allowing piecemeal appeals. The Sureties argue, first, that the "relationship between the adjudicated and

3

unadjudicated claims" warrants denial of Rule 54(b) certification. The Sureties assert that the Guardian Entities' counterclaims are closely intertwined with the Sureties' direct claims, as all claims involve interpretation of the bonds, as well as the Guardian Entities' alleged knowledge of CMC's fraudulent lease scheme. Given this close relationship, the Sureties also argue that future developments in the district court might impact upon the need for appellate review in these actions.

The Sureties argue, further, that since the Guardian Entities remain as parties before the district court, this overlap of parties weighs against Rule 54(b) certification. *See Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 707 (1st Cir. 1996)("Rule 54(b) certification is particularly suspect when the contestants on appeal remain, simultaneously, contestants below. . . ."). Moreover, the Sureties contend that, because of the Guardian Entities' continuation as parties before this Court, an immediate appeal would not promote efficiency, and deferring the opportunity for appellate review will cause no hardship to any party. *See, e.g., Rudd Constr. Equipment Co. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983). The Sureties assert, finally, that this case is not the "infrequent harsh case" that is sufficiently exceptional to justify Rule 54(b) certification. *See id.*

The Guardian Entities, conversely, contend that final judgment certification pursuant to Fed. R. Civ. P. 54(b) is appropriate with respect to these cases, because the Summary Judgment Order granted judgment against the Guardian Entities with respect to <u>all</u> of their claims against the Sureties. The Guardian Entities maintain that, although claims against the Guardian Entities remain pending, those claims are not sufficiently related to the Guardian Entities' counterclaims as to justify delay of appellate review.

The Guardian Entities seek to distinguish the Sureties' cited cases, arguing that those

cases involved pending claims that arose from the "same aggregate of operative facts," *see Lowery*, 426 F.3d at 821, as the claims dismissed by the district court. The Guardian Entities argue that the claims dismissed in the Summary Judgment Order—the Guardian Entities' claims for bad faith, promissory estoppel and breach of contract—are distinct from the Sureties' affirmative claims against the Guardian Entities for fraudulent misrepresentation, non-disclosure and rescission. The Guardian Entities argue that the operative facts relating to the Guardian Entities' counterclaims involved the lender banks' taking of security interests in the bonds and SSAs as collateral for loans from the lender banks, and the banks' subsequent foreclosure sales of those security interests. The affirmative claims asserted by the Sureties, the Guardian Entities assert, do not involve or implicate those operative facts.

Accordingly, the Guardian Entities contend that there is "no just reason for delay" under the standards set forth in Fed. R. Civ. P. 54(b) and the factors previously articulated by the Sixth Circuit. Moreover, the Guardian Entities maintain that there is no possibility that future district court events will either moot the issues involved in the appeal or result in duplicative appeals. Finally, the Guardian Entities contend that equitable factors support their right to prompt appellate review.

The Court has considered the parties' positions and finds that issuance of a partial final judgment certification pursuant to Fed. R. Civ. P. 54(b) is inappropriate for several reasons. As noted by the Sureties, both the Guardian Entities' counterclaims and the affirmative claims asserted by the Sureties involve the same parties and interpretation of the same underlying transaction documents. Such substantial overlap generally counsels against the issuance of a Rule 54(b) certification. *See, e.g., General Acquisition*, 23 F.3d at 1030; *Credit Francais*, 78 F.3d at 707.

The Court recognizes that the issue addressed by the Summary Judgment Order is relatively discrete and unique to cases involving the Guardian Entities. Nonetheless, the presence of the Guardian Entities as continuing litigants before this Court suggests that permitting immediate appeal of the Summary Judgment Order would produce no additional efficiency, nor would it expedite the final resolution of these cases. The Guardian Entities' continuing status as parties, moreover, demonstrates that the Guardian Entities will suffer no prejudice if required to await the issuance of final judgment.

Generally speaking, Fed. R. Civ. P. 54(b) "effectively preserves the historic federal policy against piecemeal appeals . . .," *Curtiss-Wright Corp.*, 446 U.S. at 8 (internal quotation omitted), and favors issuance of Fed. R. Civ. P. 54(b) certifications only in "exceptional case[s] warranting interlocutory review. . . ." *General Acquisition*, 23 F.3d at 1032 (internal quotation omitted). "[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely. . . ." *Curtiss-Wright Corp.*, at 10. Accordingly, in this Court's view, certification pursuant to Fed. R. Civ. P. 54(b) should be issued only where a clear reason exists for doing so. Particularly in light of the Guardian Entities' continuing presence as litigants before this Court, no basis is readily apparent for such a certification here.

For the foregoing reasons, the Court <u>denies</u> the Guardian Entities' request and <u>declines</u> to issue a certification pursuant to Fed. R. Civ. P. 54(b) in these cases.

**IT IS SO ORDERED.**

    s/Kathleen M. O'Malley
    **KATHLEEN McDONALD O'MALLEY**
    **UNITED STATES DISTRICT JUDGE**

**Dated: November 26, 2008**

61809-2