UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: COMMERCIAL MONEY CENTER, INC., EQUIPMENT LEASE LITIGATION | : : : : : : : : : : : : : : | Case No. 1:02CV16000<br><br>(MDL Docket No. 1490)<br><br>JUDGE O'MALLEY<br><br>**ORDER**<br><br>**This Order Relates To Case Nos. 02CV16012, 02CV16019, 02CV16020, 02CV16022, 03CV16002, 03CV16003, 03CV16004, 03CV16005, 03CV16006** |

These cases are before the Court upon the parties' objections to certain exhibits proffered during the bench trial proceedings conducted before the undersigned on July 13-16, 2009. Plaintiffs CadleRock Joint Venture, L.P. ("CadleRock") and the Guardian Entities[1] filed a joint objection (Doc. 2406) to one exhibit proffered by Royal Indemnity Company ("Royal"). Royal has objected to two exhibits proffered by Plaintiffs. (Doc. 2403). Safeco Insurance Company of America ("Safeco") has objected to multiple exhibits proffered by Plaintiffs. (Doc. 2404). The Court addresses all of the filed objections to exhibits herein.

The Court prefaces its decisions as to the parties' objections with the observation that these are bench trial proceedings. In evaluating the parties' objections to proffered exhibits in this context, the Court need not concern itself with considerations such as jury confusion. The

---

[1] For purposes of this Order, the term "Guardian Entities," or "Guardian," includes Guardian Capital, LLC (03-16002); Guardian Capital I, LLC (03-16003); Guardian Capital II, LLC (02-16004); Guardian Capital III, LLC (03-16005); Diversity Capital One, Inc. (03-16006); Guardian Capital XV, LLC (02-16012); Guardian Capital IX, LLC (02-16019); and Diversity Capital II, LLC (02-16022).

Court, as fact-finder, is well able to evaluate the relevance and probative value of proffered items, and to give each the evidentiary weight it deserves. The Court cautions the parties that, in the context of a jury trial, the Court's conclusions with respect to these proffered exhibits might well be different.

**Plaintiffs' Objection**

CadleRock and Guardian have objected to Safeco Exhibit PP, which is a compilation summary of replevin bonds allegedly issued by Safeco on behalf of Commercial Money Center, Inc. ("CMC"). Plaintiffs object on the grounds that the document was never produced in discovery and lacked the foundation necessary to be deemed a summary of business records.

During trial, the Court heard the parties' arguments on this objection and ruled that, absent appropriate foundation and backup documentation, Exhibit PP was not admissible. For the reasons stated on the record (Tr. 540-541), Plaintiffs' objection to Exhibit PP is <u>sustained</u>.

**Royal's Objections**

Royal has objected to Plaintiffs' Exhibits 8 and 62. Plaintiffs' Exhibit 8 is a letter dated September 28, 1998 from Michael Anthony to Ronald Fisher, which purports to describe the CMC Lease Bond program and the form of the lease bond then in use. Royal argues that the letter is irrelevant to the intent of the parties involved in the CMC transactions, since it predates Royal's involvement in the Lease Bond program by more than two years.

Royal's objection to Exhibit 8 is <u>overruled</u>. Royal's arguments as to the relevance of this exhibit go to the weight of the evidence, not its admissibility. The Court will address the relevance of this exhibit in context and give it the weight it deserves.

Exhibit 62 includes materials obtained from the servicer's lease file for the CMC lessee Alliance Restoration Services, Inc. ("Alliance"). The proffered lease file is that maintained by

U.S. Bank, which serviced the Alliance lease for a period of several years. Royal objects to the lease file in the form proffered because it contains documents added to the file by the servicer after November 20, 2000, the closing date of the transaction. Accordingly, Royal argues, the materials contained in this lease file do not bear upon the parties' intent as of the closing date of the transaction.

Royal's objection to Exhibit 62 is <u>overruled</u>. While Royal is correct that the critical time frame for measuring the parties' intent is the date of closing, Royal's arguments go to the weight of this exhibit rather than its admissibility. In the framework of these bench trial proceedings, the Court will evaluate the relevance of this exhibit in context and give it the weight it deserves.

**Safeco's Objections**

Safeco has objected to multiple exhibits proffered by Plaintiffs. The first is Plaintiffs' Exhibit 1, which purports to be a letter from an individual at Willis of Illinois to an individual at Texas Capital.

Safeco's objection to Exhibit 1 is <u>sustained</u>. The letter proffered as Exhibit 1 is hearsay, and Plaintiffs have laid no evidentiary foundation for the admission of this exhibit.

Safeco also objects to Plaintiffs' Exhibits 6, 7, 29, 32, 33, 34 and 35, each of which purports to be a letter from Gene Sawyer at Safeco to a principal of CMC. Each of these letters relates to claims filed against Safeco by investors in the CMC Lease Bond program. Safeco argues that these letters are irrelevant to the issue of the parties' intent, since investors filed claims more than two years after Safeco's decision to participate in the CMC Lease Bond transactions.

Safeco's objection to Plaintiffs' Exhibits 6, 7, 29, 32, 33, 34 and 35 is <u>overruled</u>. The parties' practice after closing of the lease bond transactions does provide circumstantial evidence

3

of the parties' intent, and the Court is well able to evaluate the relevance of these exhibits in context.

Safeco objects to Plaintiffs' Exhibit 8 on essentially the same grounds asserted by Royal. For the reasons set forth with respect to Royal's objection above, Safeco's objection to Exhibit 8 is <u>overruled</u>.

Safeco objects to Plaintiffs' Exhibits 25 and 28, which contain correspondence between Safeco and one of its reinsurers relating to claims made on the CMC Lease Bond program. Again, Safeco argues that letters drafted two years after Safeco's decision to participate in the Lease Bond program are irrelevant, and not probative of intent issues.

Safeco's objection to Plaintiffs' Exhibits 25 and 28 is <u>overruled</u>. Again, the Court finds that the parties' practice subsequent to the closing of the transactions may provide circumstantial evidence of intent, and the Court is well able to evaluate the relevance of these exhibits in context.

Safeco objects to Plaintiffs' Exhibits 26, 27, 60 and 64, again on the grounds of relevance. Exhibit 26 is Safeco's Complaint filed in this litigation in the Southern District of California. Exhibit 27 is the Declaration of Safeco's Counsel, Michael T. Lowe, submitted in support of a motion for contempt against CMC. Exhibit 60 is a Proof of Claim filed by Safeco in the CMC bankruptcy proceeding in the Bankruptcy Court for the Southern District of California. Exhibit 64 is the Declaration of Gene Sawyer, a Safeco employee, submitted in support of a motion for a Temporary Restraining Order against CMC.

Safeco's objection to Plaintiffs' Exhibits 26, 27, 60 and 64 is <u>overruled</u>. With respect to the Lowe Declaration, that document is an admission by a Safeco representative and is not hearsay. With respect to all of the exhibits challenged here, Safeco's objections go to the weight

of the evidence rather than its admissibility. The Court will admit the challenged exhibits and review the relevance of each in context.

Safeco objects to Plaintiffs' Exhibits 30 and 31, which purport to be internal Safeco e-mail correspondence relating to Safeco's collateral account and Safeco's decision to use that account to pay claims by CMC investors. Safeco's objection again goes to the relevance of these claims documents, which postdate the closing of Safeco's lease bond transactions by several years.

Safeco's objection to Plaintiffs' Exhibits 30 and 31 is <u>overruled</u>. Again, the parties' practice after closing of the lease bond transactions does provide circumstantial evidence of intent, and Safeco's objections go to the weight of the evidence rather than its admissibility. The Court will admit the challenged exhibits and review the relevance of each in context.

Safeco objects to Plaintiffs' Exhibit 36, which purports to be a letter from Safeco employee Gene Sawyer to First Merit Bank, N.A., an investor in the CMC Lease Bond program, acknowledging receipt of a claim on Safeco's Lease Bonds. Safeco again objects to the relevance of this letter, which was generated more than two years after Safeco's issuance of lease bonds.

Safeco's objection to Plaintiffs' Exhibit 36 is <u>overruled</u>. Safeco's statements made after the closing of the lease bond transactions may circumstantially establish intent, and Safeco's objections go to the weight of the evidence rather than its admissibility. The Court will review the challenged exhibit in context and give it the evidentiary weight appropriate.

Finally, Safeco objects to Plaintiffs' Exhibit 65, which CadleRock's exhibit list describes as a "compilation of correspondence." Based upon the Court's examination of Exhibit 65, all of the correspondence contained in this exhibit appears to relate to the claim by NetBank, N.A. The

Court notes that NetBank, N.A. was not a party to the within bench trial proceedings, and evidence was not presented as to the form of the NetBank transaction documents.

Safeco's objection to Plaintiffs' Exhibit 65 is sustained. There is no evidence in this record relating to the NetBank transactions. Thus, there is no basis for the Court to conclude that the transaction documents in the NetBank transactions were sufficiently similar to the transactions considered here as to have any probative value as to the parties' intent in entering into these transactions.[2] The Court therefore declines to consider the correspondence included in Exhibit 65 in evaluating the issues currently before the Court.

**IT IS SO ORDERED.**

    s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: September 8, 2009**

69335-1

---

[2] While it is true that many other exhibits proffered during the bench trial proceedings also relate to transactions other than those involved in these proceedings, the Court finds that exclusion of this exhibit is justified by (1) the Plaintiffs' compilation of numerous documents into a single exhibit, with no effort to identify the individual relevance of particular documents; and (2) the marginal probative value of submitting additional records merely for the purpose of showing that CMC was identified as principal in communications among Safeco, CMC and the investors.