UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: COMMERCIAL MONEY | : | Case No. 1:02CV16000 |
| CENTER, INC., EQUIPMENT | : | |
| LEASE LITIGATION | : | (MDL Docket No. 1490) |
| | : | |
| | : | JUDGE O'MALLEY |
| | : | |
| | : | **ORDER** |

On May 13, 2009, the Court entered an Order to Show Cause (Doc. 2223) directing certain parties in this action to appear, in person or through counsel, and show cause why the Court should not dismiss all claims asserted by them (for failure to prosecute) or enter judgment against them on all of the claims asserted against them (for failure to comply with the Court's orders). The parties included in the Court's May 13, 2009 Order to Show Cause are listed below (collectively, the "Defaulting Defendants"):[1]

Eddie Quiroz
CMC Lease Funding, LLC
CMC Lease Funding 2000-1, Inc.
CMC Lease Funding 2000-2, Inc.
CMC Lease Funding 2000-220, LP
CMC Lease Funding 2001-1, Inc.
CMC Lease Funding 2002-1, Inc.
CMC Lease Funding III, Inc.
Commercial Acceptance Corp.
Commercial Leasing, Inc.
Sterling Wayne Pirtle
Ronald Fisher
Nancy Fisher
Mark Fisher
Kelly Fisher Buh
Brian McMichael

---

[1] Defendant Anita Pirtle was originally included in the Court's Order to Show Cause. The Court has been informed, however, that Anita Pirtle is now deceased. Pursuant to various submissions filed on June 1, 2009 (Docs. 2232-2236), all parties with claims against Anita Pirtle have advised the Court that they do not intend to pursue default judgments against Ms. Pirtle's estate. Accordingly, all claims against Anita Pirtle will be dismissed.

1

Commercial Leasing Corporation[2]

On July 13, 2009, the Court conducted a default judgment hearing pursuant to its previously-issued Order to Show Cause (Doc. 2223). None of the Defaulting Defendants appeared at the scheduled hearing.[3]

At the July 13, 2009 hearing, requests for default judgment against various Defaulting Defendants were presented to the Court by American Motorists Insurance Company ("AMICO"); Royal Indemnity Company ("Royal"); Ace American Insurance Company/Illinois Union Insurance Company ("Ace/Illinois Union"); and RLI Insurance Company ("RLI").[4] The judgments sought by each of these parties against various Defaulting Defendants are set forth below, and are <u>granted</u> to the extent indicated. Following the issuance of the within Order, the Court will enter final judgments against the Defaulting Defendants in the appropriate cases in accordance with the within Order.

## I.  AMICO—Case No. 02CV16003

AMICO has sought default judgment against Sterling Wayne Pirtle, Ronald Fisher, Mark Fisher and Kelly Fisher Buh in Case No. 02CV16003[5] in the principal amount of

---

[2] Commercial Leasing Corporation was erroneously omitted from the Court's May 13, 2009 Order to Show Cause. A subsequent Order to Show Cause was issued to Commercial Leasing Corporation on August 12, 2009 (Doc. 2414), and a subsequent default hearing was held on September 10, 2009. Commercial Leasing Corporation did not appear at the September 10, 2009 hearing, and is also in default.

[3] As noted above, the default hearing with respect to Commercial Leasing Corporation was conducted on September 10, 2009.

[4] Safeco Insurance Company of America ("Safeco") has asserted claims against various Defaulting Defendants in Case No. 02CV16004. During the July 13, 2009 hearing, Safeco informed the Court that it does not seek default judgments against any of the Defaulting Defendants at the present time, since several cases involving Safeco remain pending, and Safeco's claims for recovery against the Defaulting Defendants are not mature. Accordingly, Safeco requested that the Court retain Case No. 02CV16004 open on the docket, pending the resolution of several other actions involving Safeco.

[5] In its submission, AMICO indicated that it did not seek to have default judgment entered against Brian

$12,103,400.32.[6] This principal amount is based upon the total amount paid to claimants under AMICO's bonds, including both (1) payments made under reservation of rights prior to litigation; and (2) settlement payments.

The Court has examined AMICO's default judgment submissions, including the Second Supplemental Declaration of Ronald W. Hopkins and the confidential settlement agreements provided to the Court for *in camera* review. Upon careful review, the Court finds that AMICO's request for default judgment and claimed damages are well substantiated by evidence. Accordingly, the Court will enter default judgments in favor of AMICO against the Defaulting Defendants in Case No. 02-16003 as set forth above.

## II. ROYAL—Case Nos. 02CV16006, 02CV16010, 02CV16012, 02CV16018, 02CV16019, 02CV16022, 02CV16023, 02CV16028, 02CV16029

Royal, now known as Arrowood Indemnity Company, has sought default judgment in all of the above-referenced cases against Sterling Wayne Pirtle, Ronald Fisher, Nancy Fisher and Mark Fisher. Summaries of Royal's submissions and its requests in each of the above-referenced cases are set forth below.

In each of these cases, the amount of damages requested by Royal has been revised slightly pursuant to the Second Supplemental Declaration of Richard M. Zuckerman, filed on August 7, 2009 (Doc. 2411). As set forth in the Second Supplemental Declaration, Royal has (1) resolved certain mathematical discrepancies; (2) accounted for reductions in its damages in certain cases based on certain distributions recently received from the CMC bankruptcy estate;

---

McMichael, since the action against Mr. McMichael has been stayed due to his bankruptcy filing.

[6] This amount represents a reduction from AMICO's original demand of $12,231,622.32. The Second Supplemental Declaration of Ronald W. Hopkins, filed under seal on August 6, 2009 (*see* Doc. 2410), corrected and clarified certain mathematical discrepancies in AMICO's initial request for default judgment. As set forth in the Second Supplemental Declaration, AMICO revised its demand to eliminate these discrepancies.

and (3) updated its prejudgment interest calculations, and revised those calculations based on Royal's determination that prejudgment interest should be calculated pursuant to California law. In each case in which prejudgment interest is sought, Royal has requested prejudgment interest at the rate of 7% per annum, pursuant to Cal. Civ. Code § 3287, and Cal. Const. Art. 15, Sec. 1. As explained in the Second Supplemental Declaration, this is the lower of the two interest rates that may apply under California law.

### A. 02CV16006

In Case No. 02CV16006, Royal requests judgment against each of the above-named Defaulting Defendants in the amount of $3,279,613,[7] plus net prejudgment interest in the amount of $1,020,387. Accordingly, Royal requests that judgment be entered against each of the above-named Defaulting Defendants in the amount of $4,300,000.

### B. 02CV16010

In Case No. 02CV16010, Royal requests judgment against each of the above-named Defaulting Defendants in the amount of $10,267,499, plus net prejudgment interest of $282,217. Accordingly, Royal requests that judgment be entered against each of the above-named Defaulting Defendants in the amount of $10,549,716.

### C. 02CV16012, 02CV16019, and 02CV16022

Each of the above-referenced cases involves claims by CadleRock against Royal, and each remains pending. Accordingly, the amount of Royal's claim for damages against the Defaulting Defendants in those actions remains unliquidated. With respect to these cases, Royal

---

[7] The Court's review of Royal's Supplemental Declaration filed under seal, and the confidential settlement documents submitted for *in camera* review, revealed certain mathematical discrepancies between the settlement documents and the amount sought in Royal's default judgment application in this case. Royal properly explained and corrected these mathematical discrepancies through its filing of the Second Supplemental Declaration of Richard M. Zuckerman on August 7, 2009 (Doc. 2411).

4

has requested default judgment against the above-named Defaulting Defendants with respect to liability only, with damages to be determined following the adjudication of CadleRock's claims against Royal.

### D. 02CV16018

In Case No. 02CV16018, Royal requests judgment against each of the above-named Defaulting Defendants in the amount of $1,701,873, plus net prejudgment interest of $304,624. Accordingly, Royal requests that judgment be entered against each of the above-named Defaulting Defendants in the amount of $2,006,497.

### E. 02CV16023

In Case No. 02CV16023, Royal requests judgment against each of the above-named Defaulting Defendants in the amount of $717,005,[8] plus net prejudgment interest of $271,622. Accordingly, Royal requests that judgment be entered against each of the above-named Defaulting Defendants in the amount of $988,627.

### F. 02CV16028

In Case No. 02CV16028, Royal requests judgment against each of the above-named Defaulting Defendants in the amount of $1,509,160, plus net prejudgment interest of $466,956. Accordingly, Royal requests that default judgment be entered against each of the above-named Defaulting Defendants in the amount of $1,976,116.

### G. 02CV16029

In Case No. 02CV16029, Royal requests judgment against each of the above-named Defaulting Defendants in the amount of $1,958,134, plus net prejudgment interest of $335,312.

---

[8] The Court's review of Royal's Declaration and the settlement documents submitted for the Court's review revealed a slight mathematical discrepancy between the settlement documents and the amount sought in Royal's default judgment application in this case. The Second Supplemental Declaration, filed on August 7, 2009 (Doc. 2411), properly explained this discrepancy.

Accordingly, Royal requests that default judgment be entered against each of the above-named Defaulting Defendants in the amount of $2,293,446.

With respect to Royal's requests for default judgment in those cases in which damages are sought (02CV16006, 02CV16010, 02CV16018, 02CV16023, 02CV16028 and 02CV16029), the Court has examined Royal's default judgment submissions, including the Second Supplemental Declaration and the confidential settlement agreements provided to the Court for *in camera* review. The Court finds that the Second Supplemental Declaration has adequately explained the slight mathematical discrepancies in Royal's prior submissions. Moreover, the Court finds that Royal's determination that prejudgment interest should be calculated pursuant to California law at the rate of seven percent per annum is appropriate and reasonable.

Thus, upon careful review, the Court finds that Royal's request for default judgment and claimed damages are well substantiated by evidence. Accordingly, the Court will enter default judgments in favor of Royal against the Defaulting Defendants in Case Nos. 02CV16006, 02CV16010, 02CV16018, 02CV16023, 02CV16028 and 02CV16029 as set forth above.

With respect to Case Nos. 02CV16012, 02CV16019 and 02CV16022, however, Royal has requested a default judgment against the above-named Defaulting Defendants with respect to liability only. Given that claims by CadleRock against Royal remain pending in those actions, and any damages recoverable by Royal against the Defaulting Defendants are dependent on the resolution of the CadleRock claims, the Court finds that these actions are not presently ripe for the entry of default judgment. The Court declines to enter default judgment at this time in Case Nos. 02CV16012, 02CV16019 and 02CV16022, and defers Royal's request for consideration upon resolution of CadleRock's pending claims in those cases.

## III. ACE/ILLINOIS UNION—Case Nos. 02CV16006, 02CV16007, 02CV16008

Ace and Illinois Union have sought default judgment against certain Defaulting Defendants, as set forth below.

### A. 02CV16006

In Case No. 02CV16006, Ace seeks a default judgment against Commercial Acceptance Corp. ("CAC"), Commercial Leasing Corporation ("CLC") and Sterling Wayne Pirtle, granting various declaratory relief, as well as a money judgment for indemnity:

    a. On Ace's Second and Third Counterclaims, a declaration that CAC and CLC have no rights under the Ace Policies FIC-700200 through FIC-700225 and FIC-700232 through FIC-700237, and that such Policies are void as to and unenforceable by CAC and CLC;

    b. On Ace's Fourth Counterclaim, a declaration that CAC, CLC and Sterling Wayne Pirtle are obligated to indemnify and hold Ace harmless from and against any and all losses and claims under Ace Policies FIC-700220 through FIC-700225 and FIC-700232 through FIC-700237 pursuant to the terms of indemnity agreements executed in or about July and December 2000;

    c. On Ace's Sixth Counterclaim, a declaration that CAC, CLC and Sterling Wayne Pirtle are obligated to indemnify and hold Ace harmless from and against any and all losses and claims under Ace Policies FIC-700220 through FIC-700225 and FIC-700232 through FIC-700237 under the doctrine of equitable indemnity; and

    d. On Ace's Fourth and Sixth Counterclaims, a money judgment for indemnity against CAC, CLC and Sterling Wayne Pirtle, jointly and severally, in the amount of

$3,999,664.05,[9] the amount paid by ACE to settle claims under ACE Policies FIC-700220 through FIC-700225 and FIC-700232 through FIC-700237.

**B.     02CV16007**

In Case No. 02CV16007, Illinois Union seeks default judgment against CAC; CLC; CMC Lease Funding 2000-1, Inc.; CMC Lease Funding 2000-2, Inc.; CMC Lease Funding 2001-1, Inc.; CMC Lease Funding 2001-2, Inc.; CMC Lease Funding 2000-220 LP; CMC Lease Funding LLC; and Sterling Wayne Pirtle, granting various declaratory relief, as well as a money judgment for indemnity:

a.      On Illinois Union's Second Counterclaim, a declaration that CMC Lease Funding 2000-2 Inc., CMC Lease Funding 2001-1 Inc., and CMC Lease Funding 2001-2 Inc. have no rights under Illinois Union Policies FIC-0700218, FIC-700230, FIC-700240 and FIC-700246, and that such Policies are void and rescinded as to the above-referenced entities;

b.      On Illinois Union's Seventh Counterclaim, a declaration that CMC Lease Funding 2000-220 LP and CMC Lease Funding LLC have no rights under Illinois Union Policy FIC-700241, and that such Policy is void and rescinded as to the above-referenced entities;

c.      On Illinois Union's Eighth and Ninth Counterclaims, a declaration that the entities identified in 2(a) and 2(b) above have no rights under Illinois Union Policies FIC-700217 through FIC-700219, FIC-700226, FIC-700227, FIC-700229 through FIC-700231, FIC-700238, FIC-700240 through FIC-700242, and FIC-700246, and that such Policies are void and rescinded as to said entities;

---

[9] The Court's review of Ace/Illinois Union's initial default judgment request and the settlement documents submitted for the Court's review revealed a mathematical discrepancy between the settlement documents and the amount sought in Ace/Illinois Union's default judgment application in this case. The Supplemental Declaration of Jean Pierre Nogues, filed under seal on August 3, 2009 (*see* Docs. 2408. 2409), properly explained this discrepancy.

       d.       On Illinois Union's Tenth Counterclaim, a declaration that CAC, CLC, CMC Lease Funding 2000-1 Inc., CMC Lease Funding 2000-2 Inc., CMC Lease Funding 2001-1 Inc., CMC Lease Funding 2001-2 Inc., CMC Lease Funding 2000-220 LP, CMC Lease Funding LLC, and Sterling Wayne Pirtle are obligated to indemnify and hold Illinois Union from and against any and all losses and claims under Illinois Union Policies FIC-700217 through FIC-700219, FIC-700226, FIC-700227, FIC-700229 through FIC-700231, FIC-700238, FIC-700240 through FIC-700242, and FIC-700246 pursuant to the terms of indemnity agreements executed in or about July and December 2000;

       e.       On Illinois Union's Twelfth Counterclaim, for a declaration that CAC, CLC, CMC Lease Funding 2000-1 Inc., CMC Lease Funding 2000-2 Inc., CMC Lease Funding 2001-1 Inc., CMC Lease Funding 2001-2 Inc., CMC Lease Funding 2000-220 LP, CMC Lease Funding LLC, and Sterling Wayne Pirtle are obligated to indemnify and hold Illinois Union from and against any and all losses and claims under Illinois Union Policies FIC-700217 through FIC-700219, FIC-700226, FIC-700227, FIC-700229 through FIC-700231, FIC-700238, FIC-700240 through FIC-700242, and FIC-700246 under the doctrine of equitable indemnity; and

       f.       On Illinois Union's Tenth and Twelfth Counterclaims, for a money judgment for indemnity against CAC, CLC, CMC Lease Funding 2000-1 Inc., CMC Lease Funding 2000-2 Inc., CMC Lease Funding 2001-1 Inc., CMC Lease Funding 2001-2 Inc., CMC Lease Funding 2000-220 LP, CMC Lease Funding LLC, and Sterling Wayne Pirtle, jointly and severally, in the amount of $88,520,000, the amount paid by IUIC to settle claims under IUIC Policies FIC-700217 through FIC-700219, FIC-700226, FIC-700227, FIC-700229 through FIC-700231, FIC-700238, FIC-700240 through FIC-700242, and FIC-700246.

### C. 02CV16008

In Case No. 02CV16008, Ace and Illinois Union seek default judgment against CAC, CLC,[10] CMC Lease Funding LLC; CMC Lease Funding 2000-1, Inc.; CMC Lease Funding 2000-2, Inc.; CMC Lease Funding 2000-220 LP; CMC Lease Funding 2001-1, Inc.; and CMC Lease Funding 2001-2, Inc. granting declaratory relief in the form of an Order striking the answer of CMC Lease Funding LLC; CMC Lease Funding 2000-1, Inc.; CMC Lease Funding 2000-2, Inc.; CMC Lease Funding 2000-220 LP; CMC Lease Funding 2001-1, Inc.; and CMC Lease Funding 2001-2, Inc., and granting a judgment declaring that said defendants, CAC and CLC have no right to any of the interpleaded funds.

The Court has examined the default judgment submissions of Ace and Illinois Union, including the Supplemental Declaration and the confidential settlement agreements provided to the Court for *in camera* review. Upon careful review, the Court finds that Ace/Illinois Union's requests for default judgment and claimed damages are well substantiated by evidence. Accordingly, the Court will enter default judgments in favor of Ace and Illinois Union against the Defaulting Defendants as set forth above.

### IV. RLI—Case No. 03-16000

RLI has sought default judgment jointly and severally against Eddie Quiroz, Sterling Wayne Pirtle, Ronald Fisher, Mark Fisher, Kelly Fisher Buh and Brian McMichael[11] in Case No.

---

[10] CAC and CLC were erroneously omitted from Illinois Union's first request for default judgment in this case. Illinois Union filed a Supplemental and Corrected Motion for Default Judgment on August 19, 2009 (Doc. 2415), in which it amended its default judgment request to include these parties.

[11] Although Brian McMichael filed bankruptcy in the Middle District of California in 2004 (8:04BK00935-MGW), the Court takes judicial notice that an Order was issued by the Bankruptcy Court for the Middle District of Florida on August 24, 2004, granting RLI limited relief from the automatic bankruptcy stay and permitting RLI to pursue its

03-16000, in the principal amount of $10,000,000.  In its default judgment submissions, RLI has submitted sufficient evidence demonstrating that its damages incurred, based upon settlement payments made to the various banks involved in this litigation, are well in excess of $10,000,000.  Accordingly, the Court will enter a default judgment in favor of RLI against the above-named Defaulting Defendants in the amount of $10,000,000.

V.   **CONCLUSION**

As set forth above, the requests for default judgment are <u>granted</u> to the extent indicated. Following the issuance of the within Order, the Court will enter final judgments against the Defaulting Defendants in the appropriate cases in accordance with the within Order.

**IT IS SO ORDERED.**

<u>s/ Kathleen M. O'Malley</u>
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: September 16, 2009**

68359-1

---

claims against Brian McMichael in this litigation to judgment.